IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIJAY KUMAR,<br><br>      Petitioner,<br><br>v.<br><br>MICHAEL T. ROSE, et al.<br><br>      Respondents. | CIVIL ACTION<br>NO. 26-155 |

## ORDER

**AND NOW**, this 26th day of January 2026, upon consideration of Petitioner Vijay Kumar's Petition for Writ of Habeas Corpus (Doc. No. 1) and Respondents' Response in Opposition (Doc. No. 3), it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1] It is **FURTHER ORDERED** as follows:

---

[1] Petitioner Vijay Kumar ("Petitioner") is a citizen of India who entered the United States in July of 2022. (Doc. No. 1 at 1.) Upon his entry, Petitioner was apprehended by Customs and Border Patrol but was soon released on humanitarian parole. (Id.) In February of 2023, Petitioner filed an Application for Asylum (Form I-589). (Id. at 6.) That application remains pending. During his time in Philadelphia, United States Immigration and Customs Enforcement ("ICE") required him to check in annually at the Philadelphia ICE office. (Doc. No. 1 at 5–6.) During his most recent check-in on January 7, 2026, Petitioner was detained by ICE agents and placed in removal proceedings. (Id.) Petitioner remains detained at the Federal Detention Center ("FDC") in Philadelphia. (Doc. No. 1 at 1.)

On January 9, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court. In the Petition, he asks the Court to order his release, or—in the alternative—to be given a bond hearing before an Immigration Judge. (Id. at 22–23.) On January 23, 2026, Respondents filed the Opposition to Petitioner's Habeas Petition. (Doc. No. 3.) The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a). (Doc. No. 1 at 6–14.) Respondents first counter this submission with a series of jurisdictional defenses, claiming that district courts cannot hear cases like Petitioner's. (See Doc. No. 3 at 6–10) (arguing that 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii) divest district courts of jurisdiction to hear habeas petitions related to removal proceedings). Second, Respondents contend Petitioner's detention does not violate

1) By February 5, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

---

the Due Process Clause of the Fifth Amendment because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States. (See id. at 18–19.) However, Petitioner's Due Process Claims are subsumed within his statutory claims. Thus, the Court will focus its analysis on the latter claims. See Kashranov v. Jamison, No. 25-cv-5555, 2025 WL 3188399, at *5 (highlighting that "if Section 1226 governs, then [petitioner] has due process rights…")

Finally, Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (Doc. No. 3 at 11–18.) That distinction is significant because Section 1226(a) provides procedural protections for detainees— protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless.

This Court previously addressed each of Respondents' three contentions in Nogueira-Mendes v. McShane, No. CV 25-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025). Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case. Consequently, here, the Court holds as follows: (1) the Court has jurisdiction to hear Petitioner's case, (2) Petitioner was not required to exhaust his remedies before bringing his Petition, and (3) Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by February 5, 2026. If Respondents do not hold a bond hearing by February 5, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Marin Barrios's Petition for Writ of Habeas Corpus (Doc. No. 1).

2) If Respondents fail to hold a bond hearing by February 5, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By February 10, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.
